UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CROSSROADS CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., a Wisconsin Corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Crossroads Condominium Association (the "Association") alleges as follows:

### I.   INTRODUCTION

1.1   This is an action for declaratory judgment (including money damages), breach of contract, bad faith, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under American Family Insurance Company, S.I.'s ("Amfam") policies issued to the Association. The Association is seeking a ruling that each of Amfam's policies provide coverage for hidden damage at the Crossroads condominium complex and that Amfam is liable for money damages for the cost of repairing hidden damage at the Crossroads condominium complex.

(B)   Attorneys' fees (including expert witness fees) and costs.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PKWY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

(C) Money damages for the cost of repairing covered damage, bad faith, breach of contract, and violations of the CPA.

(D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 The Association. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in King County, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Crossroads condominium complex located at 15920-16150 NE 15th Street, Bellevue, Washington. The Association has four (4) buildings comprising fifty-two (52) residential units and separate structure that serves as a club house.

2.2 Amfam. American Family Insurance Company S.I. ("Amfam") is domiciled in Wisconsin with its principal place of business in Madison, Wisconsin. Amfam issued insurance policies to the Association including but not limited to Policy No. 46X3372001 (in effect from at least November 1, 2015 to November 1, 2021). The Association is seeking coverage against all Amfam policies issued to the Association.

2.3 Doe Insurance Companies 1–10. Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Crossroads condominium complex as covered property.

2.4 Crossroads Insurers. Amfam and Doe Insurance Companies 1–10 shall be collectively referred to as the "Crossroads Insurers."

2.5 Crossroads Policies. The policies issued to the Association by the Crossroads Insurers shall be collectively referred to as the "Crossroads Policies."

## III. JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Crossroads Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV.     FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Crossroads Insurers</u>.  On August 23, 2021, the Association tendered its claim to Amfam for recently discovered hidden damage at the Crossroads condominium complex.

4.4     <u>Joint Intrusive Investigation.</u>  The Association hired an investigative firm, Dimensional Building Consultants ("DBC"), to investigate the extent of damage at the Crossroads condominium complex. Subsequent to the claims tender, DBC in conjunction with Amfam's consultants performed a Joint Intrusive Investigation at the Crossroads condominium complex. This investigation revealed extensive hidden damage to sheathing, framing, and weather resistive barrier throughout the property attributable to long term, incremental and progressive water damage. According to the Association's experts, the cost to repair the hidden damage at the Crossroads condominium complex exceeds the jurisdictional limit of $75,000.

4.5     <u>Amfam's Denial of the Association's Claim.</u>  On April 4, 2023, Amfam unreasonably denied coverage for the Association's insurance claim.

### V.     FIRST CLAIM AGAINST THE CROSSROADS INSURERS: DECLARATORY RELIEF THAT THE CROSSROADS POLICIES PROVIDE COVERAGE

5.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.5, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     The Crossroads Policies cover the hidden damage to exterior building components including but not limited to exterior sheathing, framing, and weather resistive barrier at the Crossroads condominium complex.

(B)     No exclusions, conditions, or limitations bar coverage under the Crossroads Policies.

(C)     The loss or damage to Crossroads condominium complex was incremental and progressive.  New damage commenced during each year of the Crossroads Policies.

(D)     As a result, the Crossroads Policies cover the cost of investigating and repairing the hidden damage to exterior building components including but not limited to exterior sheathing, framing, and weather resistive barrier at the Crossroads condominium complex.

## VI.    SECOND CLAIM: AGAINST AMFAM FOR BREACH OF CONTRACT

6.1     Incorporation.  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     Amfam has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Crossroads condominium complex.

6.3      Amfam breached its contractual duties by wrongfully denying coverage on April 4, 2023, and by failing to pay the cost of repairing the covered damage to the Crossroads condominium complex.

6.4      As a direct and proximate result of Amfam's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     Additional Damages. As a direct and proximate result of Amfam's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII. THIRD CLAIM: AGAINST AMFAM FOR INSURANCE BAD FAITH

7.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interest and its own interest and must not engage in any action that demonstrates a greater concern for its own financial interest than its insured's financial risk. An insurer who does not deal fairly with its insurer, or who does not give equal consideration to its insured's interest, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Amfam had a duty to investigate, evaluate, and decide the Association's claim in good faith. Amfam breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Crossroads condominum complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when damage results from a concurrent combination of rain and bad construction or wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the Amfam policy pursuant to the plain meaning of the terms. In additional Amfam unreasonably delayed in coming to a coverage determination.

7.5     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Amfam's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Amfam to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Amfam to adopt and implement reasonable standards for the prompt investigation of claims.

7.6     Amfam's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Amfam's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

### VIII.   FOURTH CLAIM: AGAINST AMFAM FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2     Violations of claims handling standards provided under the WAC are per se CPA violations. On information and belief, the conduct of Amfam was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Amfam's violations, the Association has been damaged in an amount to be proven at trial. The Association is

entitled to damages, CPA penalties of up to $25,000.00 per violation, and attorneys' fees under the CPA.

### IX.  PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1  **Declaratory Judgment Regarding Coverage.**  A declaratory judgment that the Crossroads Policies provide coverage as described herein.

9.2  **Money Damages.**  For money damages against each of the Crossroads Insurers for the cost of investigating and repairing hidden damage at the Crossroads condominium complex in an amount to be proven at trial, as well as money damages against Amfam for breach of the duty of good faith in an amount to be proven at trial.

9.3  **Attorneys' Fees and Costs of Suit.**  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4  **CPA Penalties.**  For CPA penalties against Amfam of up to $25,000 per violation.

9.5  **Other Relief.**  For such other and further relief as the Court deems just and equitable.

### X.  DEMAND FOR JURY TRIAL

10.1  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dated the 29th day of June, 2023.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Daniel J. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Jerry H. Stein*
/s/ *Cortney M. Feniello*
Daniel J. Stein, WSBA #48739
Justin D. Sudweeks, WSBA #28755
Jerry H. Stein, WSBA #27721
Cortney M. Feniello, WSBA #57352
16400 Southcenter Pwky, Suite 410
Tukwila, WA 98188

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PWKY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

Email: dstein@condodefects.com
Email: justin@condodefects.com
Email: jstein@condodefects.com
Email: cfeniello@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PWKY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660